IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOLORES KEHRER,

    Plaintiff,

v.                                      No. 16-cv-1090-DRH-RJD

CITY OF HIGHLAND and ONE
UNKNOWN AGENT OF THE
ILLINOIS TACTICAL ALARM
SYSTEM,

    Defendants.

## ORDER

**HERNDON, District Judge:**

Plaintiff, Dolores Kehrer, filed a two count complaint in the Circuit Court of Madison County Illinois. One count is a state-law claim directed against the City of Highland and an unknown police officer allegedly acting on behest of the City of Highland. The second count is a federal constitutional claim, brought pursuant to 42 USC Section 1983, directed against the same unknown police officer. Both claims arise out of the same set of facts.

The City of Highland, the only defendant that has been served, removed the action to this Court on federal question grounds (Doc. 1). The plaintiff now moves to remand (Doc. 7). The City of Highland has responded in opposition (Doc. 11). For the reasons stated below, the motion is denied.

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §


1441(a). The Court has original jurisdiction over claims arising under federal law. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (citation omitted). Additionally, "in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367. The plaintiff, as the master of his own complaint, may avoid federal jurisdiction by pleading only state-law claims. *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000).

In the instant case it is apparent from the face of the complaint that Count II invokes the protections of the Fourth Amendment (plaintiff cites to 42 USC § 1983, alleging that the unknown officer used excessive force in violation of the plaintiff's rights under the Fourth Amendment). This federal claim clearly falls within the Court's original jurisdiction. 28 USC § 1331. The state-law claim, which arises under the same set of facts, is within the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

Plaintiff contends that Count II is really a Fifth Amendment takings claim and is not ripe for federal adjudication until state court remedies have been exhausted. *See Peters v. Vill. Of Clifton,* 498 F.3d 727, 731 (7th Cir. 2007) ("No constitutional violation occurs until just compensation has been denied.") (internal citation omitted). The Takings Clause of the Fifth Amendment provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const. amend. V.

Count II alleges that (1) the unknown officer used a metal battering ram to gain entry into the plaintiff's home and (2) the use of the battering ram was unreasonable, amounting to excessive force in violation of the Fourth Amendment. There is no reference to the Fifth Amendment. Rather, the complaint expressly states the plaintiff is asserting an excessive force claim via 42 U.S.C. § 1983:

> (9) At all times relevant, the Fourth Amendment to the U.S. Constitution, as incorporated by the 14th Amendment, prohibits the use of excessive force.
>
> (10) That 42 U.S.C. 1983 provides an avenue to enforce the claims for excessive force

(Doc. 1-1). Thus, the contention that Count II does not assert a federal claim is not well taken.

Plaintiff also claims that the case is not removable because Count II (the Count alleging the federal claim) is directed against an unserved and unnamed defendant and not against the removing defendant. The plaintiff's arguments in this regard are irrelevant. Nothing in the relevant statutes indicates that a party is prohibited from removing an otherwise removable case on the basis that the

Federal question is not asserted against the removing defendant or that the federal question is asserted against an unserved defendant. It is the mere assertion of a federal question that gives rise to the Court's jurisdiction. The plaintiff has not cited to, and the Court's independent research has not revealed, any authority to the contrary. The bottom line is, if the plaintiff wanted to avoid removal, the plaintiff, as the master of the complaint, had the option not to raise a federal question.

Accordingly, for the reasons discussed herein, the motion to remand (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

**Signed this 23rd day of November, 2016.**

Judge Herndon
2016.11.23
09:45:10 -06'00'

**United States District Judge**